**FILED**

JUL 1 6 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **03 CR 691** |
| | ) | |
| v. | ) | |
| | ) | Violations: Title 18, United States Code, |
| ANGELA STRUGACH and | ) | Sections 3 and 1344 |
| ALEXANDER NOVAKOVSKY | ) | |
| | ) | |

**JUDGE ANDERSEN**

*DOCKETED*
*JUL 1 6 2003*

The UNITED STATES ATTORNEY charges:

**MAGISTRATE JUDGE SIDNEY I. SCHENKIER**

1.    At times material to this information:

a.    Bridgeview Payment Solutions, Inc. ("BPS"), located in Westmont, Illinois, was a wholly-owned subsidiary of Bridgeview Bank and Trust ("Bridgeview Bank"), a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC").

b.    BPS was the credit card processing center for Bridgeview Bank which processed credit card charges for merchants.

c.    Defendant ANGELA STRUGACH was employed by Bridgeview Bank as a programer in the Risk and Collection Department at BPS. As a programmer, STRUGACH's responsibilities included the development of computer programs wherein Bridgeview Bank would electronically transfer payments due merchants for the processed credit card charges. STRUGACH maintained a personal account at TCF Bank.

d.    Defendant ALEXANDER NOVAKOVSKY was a friend of STRUGACH and at times material, NOVAKOVSKY maintained a business account at BankOne.

2.     Beginning on or about March 1, 2001, and continuing through on or about October 1, 2001, at Westmont, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANGELA STRUGACH

defendant herein, knowingly devised and participated in a scheme to defraud Bridgeview Bank and to obtain moneys and funds owned by, and under the custody and control of the bank, by means of materially false and fraudulent pretenses, representations, promises, and omissions, which scheme is described below in the following paragraphs.

3.     It was part of the scheme that defendant STRUGACH used her position as an employee of Bridgeview Bank, and the access the position gave her, to divert approximately $64,024.90 of funds belonging to Bridgeview Bank through fraudulent electronic transfers of funds without the authorization by or with the knowledge of Bridgeview Bank.

4.     It was further part of the scheme that defendant STRUGACH, in a series of electronic transactions, transferred approximately $49,198.20 of the fraudulently obtained funds into defendant ALEXANDER NOVAKOVSKY's BankOne business account.

5.     It was further part of the scheme that defendant STRUGACH, in a series of electronic transactions, transferred approximately $14,826.70 in fraudulently obtained funds into her TCF Bank account.

6.     It was further part of the scheme that defendants STRUGACH and NOVAKOVSKY withdrew funds from BankOne and TCF Bank which they knew had been fraudulently obtained, and converted the funds to their own use, without authorization by or with knowledge of Bridgeview Bank.

2

7. It was further part of the scheme that defendant STRUGACH concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

8. It was further part of the scheme that defendant STRUGACH knowingly caused Bridgeview Bank a loss of approximately $64, 024.90;

9. On or about April 17, 2001, in the Northern District of Illinois, Eastern Division, at Westmont,

ANGELA STRUGACH,

defendant herein, did execute and attempt to execute the scheme to defraud Bridgeview Bank, a financial institution, the deposits of which were insured by the FDIC, and to obtain approximately $64,024.90 belonging to Bridgeview Bank, in that she transferred approximately $11,233.37 from Bridgeview Bank into the BankOne account in the name of NOVAKOVSKY's business in order to conceal the theft of moneys from Bridgeview bank;

In violation of Title 18, United States Code, Section 1344, and defendant

ALEXANDER NOVAKOVSKY,

knowing that such an offense against the United States had been committed, namely, that ANGELA STRUGACH, knowingly devised and participated in a scheme to defraud and to obtain money from Bridgeview Bank, a bank with deposits then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 1344, as more fully described in paragraphs one

3

through in eight above, did receive, relieve, comfort and assist ANGELA STRUGACH in order to

hinder and prevent her apprehension, trial and punishment;

In violation of Title 18, United States Code, Section 3.


Patrick J. Fitzgerald by WP
UNITED STATES ATTORNEY

4